**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2396
_____

UNITED STATES OF AMERICA

v.

CHAKA FATTAH, JR.,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-14-cr-00409-001)
District Judge:  Honorable Harvey Bartle III
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 7, 2023
Before: KRAUSE, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: September 19, 2023)
_____

OPINION[*]
_____

PER CURIAM

      In the District Court, Chaka Fattah, Jr., proceeding pro se, filed a motion to lift the

condition of his supervised release that prevents him from leaving the Eastern District of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pennsylvania without the permission of the Court or his probation officer. See ECF Nos. 254, 308.[1] Fattah argued that this condition hinders his freedom to travel and is unnecessary because he had complied with all the conditions of his supervised release over the preceding three years. The Government and Fattah's probation officer opposed this modification. The District Court denied the motion, concluding that a modification was unwarranted because Fattah had committed serious crimes and his probation officer had granted every one of his requests to travel. Fattah appealed, and the Government has filed a motion to summarily affirm the District Court's judgment.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Wilson, 707 F.3d 412, 416 (3d Cir. 2013) (noting that district courts "possess broad discretionary authority" in this context). We may take summary action if an appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4, I.O.P. 10.6.

We will grant the Government's motion and summarily affirm the District Court's order. Fattah argues that this condition infringes his constitutional right to travel, but such a limitation is permissible in light of his conviction. See Jones v. Helms, 452 U.S. 412, 419 (1981); United States v. Warren, 186 F.3d 358, 366 (3d Cir. 1999); Williams v.

---

[1] After being found guilty by a jury of numerous charges involving fraud and making false statements, Fattah was sentenced to 60 months in prison and five years of supervised release. We affirmed the criminal judgment. See United States v. Fattah, 858 F.3d 801 (3d Cir. 2017). Fattah has filed three motions for early termination of supervised release; the District Court denied each motion, and on the two occasions that Fattah appealed, we affirmed. See United States v. Fattah, No. 23-1064, 2023 WL 4615300, at *1 (3d Cir. July 19, 2023) (per curiam) (discussing procedural history and affirming denial of third such motion).

2

Wisconsin, 336 F.3d 576, 581 (7th Cir. 2003). Further, this is a standard administrative condition of supervised release, see U.S.S.G. § 5D1.3(c)(3), which courts view as a "necessary incident[] of supervision," United States v. Warren, 843 F.3d 275, 281 (7th Cir. 2016) (quotation marks omitted), that is "essential to the functioning of the supervised release system," United States v. Truscello, 168 F.3d 61, 63 (2d Cir. 1999) (quotation marks omitted). This condition also "allows the probation officer to implement supervision methods demonstrated by social science to be effective at achieving positive outcomes." Administrative Office of the United States Courts Probation and Pretrial Services Office, Overview of Probation and Supervised Release Conditions 20 (Nov. 2016). Given these interests and the fact that Fattah's parole officer has never denied a request to travel, we cannot conclude that the District Court abused its considerable discretion in declining to lift this condition.[2]

We therefore grant the Government's motion and will summarily affirm the District Court's order.

---

[2] Fattah objects to the District Court's reference to his past gambling. As we noted on direct appeal, however, Fattah previously had financial difficulties: he "incurred lavish personal expenses, owed exorbitant gambling debts, and owed thousands of dollars in unpaid taxes." Fattah, 858 F.3d at 811. Thus, as part of Fattah's supervised release, the District Court has ordered his probation officer to help oversee his financial dealings. See Fattah, 2023 WL 4615300, at *2. Fattah's financial history is therefore relevant to his supervised release.